IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARIS V. GARCIA,<br><br>             Plaintiff,<br><br>     vs.<br><br>BIMBO BAKERIES USA, INC., and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 571,<br><br>             Defendants. | 8:20CV232<br><br>MEMORANDUM AND ORDER |

This matter is before the Court on defendant Bimbo Bakeries USA, Inc.'s (hereinafter "BBU") partial motion to dismiss, Filing No. 15.¹ This is an action for discrimination in employment. Jurisdiction is based on 28 U.S.C. § 1331.

In his *pro se* Complaint, plaintiff Aris V. Garcia alleges 1) his employer, BBU discriminated against him based on his race (Asian) in violation of 42 U.S.C. § 1981 (Count I); (2) BBU breached an implied in fact contract with the plaintiff in violation of Nebraska common law (Count II); (3) BBU discharged him in violation of the collective bargaining agreement (hereinafter "CBA") covering his employment, and the Union

---

¹ Also pending before the Court are several related motions. Defendant International Union of Operating Engineers, Local 571's (hereinafter "the Union") moves for an extension of time to file a responsive pleading, Filing Nos. 18 & 21. Garcia moves for default judgment against the Union, contending that the Union's Answer was filed three days beyond the 21-day period of time in which it had to respond. Filing No. 17. In the interest of justice the court will grant the Union's motion to file its responsive pleading out of time, which will render the plaintiff's motion for default judgment moot. Garcia also moves for oral argument, and to amend his claims. Filing Nos. 31 and 34. Those motions do not require extensive discussion and will be denied. The Court finds oral argument will not be helpful to the Court. Further, the plaintiff's motion to amend relates to the same assertions advanced in opposition to BUU's motion to dismiss, and the Court finds that granting leave to amend would be futile. *See, e.g., Zutz v. Nelson*, 601 F.3d 842, 850 (8th Cir. 2010) ("Denial of a motion for leave to amend on the basis of futility 'means the district court has reached the legal conclusion that the amended complaint could not withstand a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure.'" (quoting *Cornelia I. Crowell GST Trust v. Possis Med., Inc.*, 519 F.3d 778, 782 (8th Cir. 2008)).

1

violated its duty of fair representation to him, both in violation of the Labor Management Relations Act (hereinafter "LMRA"), 29 U.S.C. § 151 *et seq.* (Count III); and (4) BBU committed civil conversion in violation of Nebraska common law (Count IV). Filing No. 1 at 3-5; *see also* Filing No. 16 at 1.

I.  BACKGROUND

On June 17, 2020, Garcia filed this action pursuant to, among other things, 42 U.S.C. § 1983 and the LMRA. Filing No. 1. He alleges he was employed by BUU from September 12, 2012 up to and including September 20, 2016 when he was discharged. *Id.* at 1. The plaintiff is of Asian descent and was a member of the Union during his employment at BUU. *Id.* at 1-2. He alleges there was an employee handbook that allegedly limited discharges to just cause and allegedly stated that it was BUU's policy to be "fair and uniform in respect to the handling of discipline and termination matters." *Id.* at 2.[2]

The events giving rise to the plaintiff's claims occurred in September 17, 2016. Filing No. 1 at 2. On that day, the plaintiff contends he was given a written warning and ultimately discharged. *Id.* He alleges he was yelled at for leaving other maintenance employees to work on a machine that he was called to work on. *Id.* Plaintiff also argues he never saw Caucasian employees treated the way his employer treated him. *Id.* He alleges that the two Caucasian workers who were working on the machine were not following company rules and regulations, yet, they were not yelled at, given a written warning, nor disciplined in any fashion. *Id.* at 2-3.

---

[2] Throughout his Complaint, the plaintiff refers to the CBA as a "handbook" and in other filings refers to it as a "union handbook" or "union book." In context, it is clear that Garcia's allegations refer to the CBA, rather than any other document. *See e.g.*, Filing No. 25 at 1 (referring to the CBA as a "union handbook" and "union book" but attaching a document titled "Collective Bargaining Agreement").

After he was discharged, the plaintiff contacted the Union to file a grievance. Filing No. 1. at 2. He alleges the Union failed to file a grievance on his behalf. *Id.* Also, he alleges he was provided with some, but not all, of his personal tools, following his termination. *Id.* at 3.

Based on the above conduct, Garcia believes he (1) was treated differently than Non-Asian employees, (2) was terminated without just cause and in violation of the implied-in-fact contract of employment, (3) was represented by the Union in bad faith and in an arbitrary and discriminating manner, and (4) was deprived of some of the personal tools that he owned. Filing No. 1 at 3-5.

In its Answer, BBU states that CBA between BBU and the Union governed all the terms and conditions of employment during the time that Garcia was employed by BBU. Filing No. 9, BBU's Answer at 3; *see also* Filing No. 25, Plaintiff's Supplement, Excerpts of Collective Bargaining Agreement ("CBA"). The record shows that Article 10 of the CBA applies a "just cause" standard to discharges of covered employees, and Article 11 of the CBA contains a Grievance and Arbitration procedure with timeliness deadlines. Filing No. 25, CBA at 9.

Defendant BUU moves to dismiss the plaintiff's breach of implied-in-fact contract claim (Count II), and his LMRA claim (Count III) for failure to state a claim upon which relief can be granted. Filing No. 15. BUU argues that state law breach of contract claim is preempted by the LMRA because it directly relies upon the language of the CBA. Filing No. 16 at 1 & 4. BUU further argues that the LMRA claim is time-barred because the plaintiff had a six-month window to file the LMRA claim but instead filed almost 4 years later. Filing No. 16 at 6; *see also* Filing No. 47 at 5.

II.     LAW

When reviewing a *pro se* complaint, the court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015).

However, even *pro se* complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (stating that federal courts are not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint"). In addition, affording a *pro se* complaint the benefit of a liberal construction does not mean that procedural rules in ordinary civil litigation must be interpreted so as to excuse mistakes by those who proceed without counsel. See *McNeil v. United States*, 508 U.S. 106, 113 (1993).

Under the Federal Rules, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 n.3. (2007); *Braden v. Wal-Mart Stores, Inc.*, 588 F.3d 585, 594 (8th Cir. 2009). "Specific facts are not necessary; the statement need only 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). In order to survive a motion to dismiss under Fed. R. Civ. P. 12(b)(6), the plaintiff's obligation to provide the grounds for his entitlement to relief necessitates that the

complaint contain "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555.

In deciding a motion to dismiss under Rule 12(b)(6), a court must accept the allegations contained in the complaint as true and draw reasonable inferences in favor of the nonmoving party. Cole v. Homier Dist. Co., Inc., 599 F.3d 856, 861 (8th Cir. 2010). Determining whether a complaint states a plausible claim for relief is "a context-specific task" that requires the court "to draw on its judicial experience and common sense." Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).

Additionally, courts can consider matters that are referenced in the Complaint because such matters are not "outside the pleadings" for purposes of deciding a motion to dismiss under Rule 12(b)(6). Campbell v. Qwest Commc'ns, No. 8:07CV69, 2007 WL 1362448 at *1-2 (D. Neb. Apr. 25, 2007). For example, a trial court can consider a CBA on a motion to dismiss, without converting the motion to one for summary judgment, where the plaintiff's claims are based upon that CBA. Jenisio v. Ozark Airlines, Inc. Ret. Plan for Agent & Clerical Emps., 187 F.3d 970, 972 n. 3 (8th Cir. 1999) (citing Silver v. H & R Block, Inc., 105 F.3d 394, 397 (8th Cir. 1997)).

Furthermore, "when a state law claim is substantially dependent on an analysis of a collective-bargaining agreement, a plaintiff may not evade the preemptive force of § 301 of the LMRA by casting the claim as a state law claim." Int'l Bhd. of Elec. Workers v. Hechler, 481 U.S. 851, 859 n. 3 (1987). The preemptive effect of the LMRA on state law claims that depend upon a CBA has long been recognized by Nebraska state courts and by the Eighth Circuit. See Hawkins Const. Co. v. Int'l Ass'n of Bridge, Structural & Ornamental Iron Workers Local No. 21, 525 N.W.2d 637, 645 (Neb. Ct. App. 1994); King

5

*v. Hoover Grp., Inc.*, 958 F.2d 219, 222-23 (8th Cir. 1992) (imposing sanctions for pursuit of Nebraska state law contract claims based on rights created by a CBA). The crucial inquiry is whether "resolution of a state-law claim depends upon the meaning of a [CBA]." *Miner v. Local* 373, 513 F.3d 854, 865 (8th Cir. 2008).

Finally, with regard to an LMRA claim, since § 301 does not contain an explicit statute of limitations, the Supreme Court has held the six-month limitations period of § 10(b) of the LMRA (29 U.S.C. § 160(b)) applies to such claims. *DelCostello v. Int'l Bhd. of Teamsters*, 462 U.S. 151, 171 (1983). The six-month limitations period for § 301 claims commences when the employee "'should reasonably have known of the union's alleged breach [of its duty of fair representation].'" *Scott v. UAW Local 879*, 242 F.3d 837, 839 (8th Cir. 2001) (quoting *Evans v. Nw. Airlines, Inc.*, 29 F.3d 438, 441 (8th Cir. 1994)); *see also Skyberg v. United Food & Commercial Workers Int'l Union*, 5 F.3d 297, 301 (8th Cir. 1993); *Schuver v. MidAmerican Energy Co.*, 154 F.3d 795, 800 (8th Cir. 1998). An employee acquires actual or constructive knowledge of a claim when the CBA's time limits for filing or further pursuit of a grievance expire. *Cook v. Columbian Chems. Co.*, 997 F.2d 1239, 1241 (8th Cir. 1993).

III.    DISCUSSION

In Count II, Garcia alleges that that BBU breached an implied-in-fact contract with him, in violation of Nebraska common law. He basically alleges an "implied in fact contract of employment" arose from the "just cause" provision of the CBA, and more specifically, "the language of the [CBA]; the past practice of the company; the reasonable expectations of Plaintiff after four years of employment; and the verbal statements of the company officials[.]" Filing No. 1, Complaint at 4. The Court agrees with BBU that Count

6

II is preempted by the LMRA because it is "substantially dependent on an analysis of a collective-bargaining agreement." *Int'l Brotherhood of Electrical Workers*, 481 U.S. at 859 n. 3. Under *Miner v. Local* 373, 513 F.3d at 865, the Court is prohibited from resolving a "state-law claim [that] depends upon the meaning of a [CBA]." Accordingly, the Court finds that Garcia's breach of contract claim should be dismissed.

Also, the Court agrees that Garcia's LMRA claim (Count III) is time-barred. It is undisputed that the plaintiff's lawsuit was not filed until almost four years after his termination. He was discharged on September 20, 2016, and he filed this action on June 17, 2020. Under Eighth Circuit precedent, the statute of limitation for filing an LMRA claim is six-months. See *Scott*, 242 F.3d at 839; *Evans*, 29 F.3d at 441; *Skyberg,* 5 F.3d at 301; *Schuver,* 154 F.3d at 800. The Court is not persuaded by the plaintiff's argument that he should be excused from the filing deadline because the CBA is incomplete, since it does not contain the six-month filing deadline for LMRA claims. Filing No. 25 at 1. By his own admission, he knew "less than three months" after his 2016 discharge that the Union would not further pursue his grievance. Filing No. 35, Supplement at 1-2. The six-month limitations period thus expired long before the plaintiff filed this action. Accordingly, the Court finds the LMRA claim is time-barred and should be dismissed.[3]

THEREFORE, IT IS ORDERED that:

1. Defendant Bimbo Bakeries USA, Inc.'s partial motion to dismiss (Filing No. 15) is granted.

---

[3] BUU also seeks to recover the attorney fees it incurred in filing the motion to dismiss, but does not present authority or argument in support of that position. The award of fees is discretionary, and the Court finds no good reason to grant this request in this case. See *Mullen v. Heinkel Filtering Sys.*, 770 F.3d 724, 729 (8th Cir. 2014) (finding no abuse of discretion in denial of fees). Accordingly, that request will be denied.

2. The plaintiff's claims for breach of contract (Count II) and for LMRA violations (Count III) against defendant Bimbo Bakeries USA, Inc. are dismissed, with prejudice.

3. The Union's Answer (Filing No. 11) is deemed timely filed on July 13, 2020. Defendant International Union of Operating Engineers, Local 571's motions for an extension to file a responsive pleading (Filing Nos. 18 & 21) are granted.

4. Plaintiff's motion for default judgment (Filing No. 17) is denied as moot.

5. Plaintiff's motion for oral argument (Filing No. 31) and motion to amend (Filing No. 34) are denied.

6. Pursuant to the order of the Magistrate Judge (Filing No. 39) the parties shall confer and submit a joint Rule 26 Plan and serve Rule 26 Disclosures within ten (10) days of the date of this Order.

Dated this 19th Day of November, 2020.

          BY THE COURT:

          s/ Joseph F. Bataillon
          Senior United States District Judge