IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARIS V. GARCIA,<br><br>           Plaintiff,<br><br>vs.<br><br>BIMBO BAKERIES USA, INC., and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 571,<br><br>           Defendants. | **8:20CV232**<br><br>**ORDER** |

This matter is before the court on plaintiff's Motion for Leave to Appeal *in forma pauperis*, Filing No. 58. The Court will also construe the motion as a motion for leave to file an interlocutory appeal. The plaintiff is a non-prisoner and has previously been granted leave to proceed *in forma pauperis* in this employment discrimination case. On November 19, 2020, the court granted defendant Bimbo Bakeries USA, Inc.'s (BBU) partial motion to dismiss two of the plaintiff's four claims. Filing No. 50. The plaintiff filed a timely Notice of Appeal of the court's order. Filing No. 57. Claims for race discrimination, breach of duty of fair representation, and civil conversion remain pending against the defendants.

As set forth in Federal Rule of Appellate Procedure 24(a)(3):

(a) Leave to Proceed in Forma Pauperis. . . .

    (3) Prior Approval. A party who was permitted to proceed in forma pauperis in the district-court action . . . may proceed on appeal in forma pauperis without further authorization, unless the district court—before or after the notice of appeal is filed—certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis. In that event, the district court must state in writing its reasons for the certification or finding.

1

Normally, only a final order or judgment can be appealed to an Appellate Court. *See* Fed. R. Civ. P. 54; 28 U.S.C. § 1291. A decision is not final, ordinarily, unless it ends the litigation on the merits and leaves nothing for the district court to do but execute the judgment. *Reinholdson v. Minn.*, 346 F.3d 847, 849 (8th Cir. 2003); *Cunningham v. Hamilton Cty.*, 527 U.S. 198, 204 (1999). The appellate courts have jurisdiction over certain interlocutory decisions, however. *See* 28 U.S.C. §§ 1291-1292. Under 28 U.S.C. § 1292(b),

> (b) When a district judge, in making in a civil action an order not otherwise appealable under this section, shall be of the opinion that such order involves a controlling question of law as to which there is substantial ground for difference of opinion and that an immediate appeal from the order may materially advance the ultimate termination of the litigation, he shall so state in writing in such order. The Court of Appeals which would have jurisdiction of an appeal of such action may thereupon, in its discretion, permit an appeal to be taken from such order, if application is made to it within ten days after the entry of the order: Provided, however, That application for an appeal hereunder shall not stay proceedings in the district court unless the district judge or the Court of Appeals or a judge thereof shall so order.

28 U.S.C.A. § 1292(b).

Also, Federal Rule of Civil Procedure 54(b) states that "when an action presents more than one claim for relief—whether as a claim, counterclaim, crossclaim, or third-party claim—or when multiple parties are involved, the court may direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay. Fed. R. Civ. P. 54(b). Otherwise, any order or other decision, however designated, that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties does not end the action as to any of the claims or parties and may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liabilities. *Id.*

Claims remain to be adjudicated after the partial dismissal. Neither the provisions of 28 U.S.C. § 1292 nor Rule 54(b) apply in these circumstances. This case does not involve a controlling question of law as to which there is substantial ground for difference of opinion, nor will an immediate appeal materially advance the ultimate termination of the litigation, and the court declines to find that there is no just reason for delay. Thus, the partial dismissal is not a final judgment and is not immediately appealable. Because the order is not appealable, an appeal is not taken in good faith. Accordingly, although the plaintiff proceeded *in forma pauperis* in the district court, he is not authorized to proceed on appeal *in forma pauperis*.

IT IS THEREFORE ORDERED:

1. Plaintiff's motion for leave to appeal *in forma pauperis* (Filing No. 57), construed also as a motion for leave to file an interlocutory appeal, is denied.

DATED this 1st day of December 2020.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge