IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| ARIS V. GARCIA,<br><br>                Plaintiff,<br><br>    vs.<br><br>BIMBO BAKERIES USA, INC., and INTERNATIONAL UNION OF OPERATING ENGINEERS LOCAL 571,<br><br>                Defendants. | **8:20CV232**<br><br>**MEMORANDUM AND ORDER** |

      This matter is before the Court on a motion to dismiss or for judgment on the pleadings filed by defendant International Union of Operating Engineers Local 571 ("the Union"), Filing No. 92. This is a *pro se* action for discrimination under 42 U.S.C. §1981 (Count I); breach of contract (Count II); unlawful discharge by plaintiff Garcia's employer, defendant Bimbo Bakeries, USA ("Bimbo") and breach of duty of representation by the Union in violation of the Collective Bargaining Agreement ("CBA") governing plaintiff's employment under the Labor-Management Relations Act ("LMRA"), 29 U.S.C. §151, et seq. (Count III); and (4) civil conversion in violation of Nebraska common law (Count IV). The plaintiff has not responded to the Union's motion.

      Defendant Bimbo earlier moved to dismiss the plaintiff's state law breach of contract claim and unlawful discharge under the LMRA claim. Filing No. 15. The Court granted Bimbo's motion, finding the breach of contract claim was preempted by the LMRA and the unlawful discharge claim under the LMRA was time barred. Filing No. 50 Memorandum and Order at 7-8. The Union now moves to dismiss or for judgment on the pleadings. It argues that Counts I, II, and IV are subject to dismissal because the facts

1

alleged by the plaintiff do not involve any actionable conduct by the Union. It argues the breach of duty of fair representation claim against the Union (Count III) is time-barred for the same reasons asserted by defendant Bimbo.

The Court agrees with the Union that the discrimination, breach of contract, and conversion claims are directed only at the employer. The Court finds the remaining claim against the Union—breach of fair representation—is time barred. *See* Filing No. 50, Memorandum and Order at 7. There is no dispute that Garcia was covered by a CBA, the CBA required "just cause" for dismissal, and provided a grievance procedure. Garcia admits he knew the Union would not pursue his grievance within three months of his termination in 2016. He did not file this action until almost fours years later. The statute of limitation for filing a claim under the LMRA is six months. *Id.* For the reason stated in its earlier order, the Court finds this action against the Union should be dismissed.

IT IS ORDERED:

1. Defendant International Union of Operating Engineers Local 571's motion to dismiss or for judgment on the pleadings (Filing No. 91) is granted

2. Defendant International Union of Operating Engineers Local 571 is dismissed as a party defendant.

Dated this 15th day of April 2021.

BY THE COURT:

s/ Joseph F. Bataillon
Senior United States District Judge